Mark M. Kovacich
Ross T. Johnson
ODEGAARD KOVACICH SNIPES, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 222-2222
mark@mtlawyers.com
ross@mtlawyers.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARY DIANA MOE, | CAUSE NO. _____ |
| Plaintiff, | |
| vs. | |
| | **COMPLAINT AND JURY DEMAND** |
| BNSF RAILWAY COMPANY, a for Profit Corporation, | |
| Defendant. | |

COMES NOW Plaintiff, Mary Diana Moe, demanding trial by jury, and for her complaint against Defendant alleges as follows:

**PARTIES**

1.

Plaintiff, Mary Diana Moe, is a natural person and a citizen of the State of Montana.

2.

Defendant BNSF Railway Company (BNSF) is a corporation for profit organized and existing under the laws of Delaware, with its principal place of business in the state of Texas. BNSF does business in the State of Montana. BNSF is the surviving entity of the merger of Burlington Northern Railroad Company (BN) and the Atchison, Topeka and Santa Fe Railway Company (Santa

Fe).  As a result of the merger between BN and Santa Fe and by operation of law, BNSF assumed liability for all claims which could have been brought against BN.  For purposes of this Complaint and Jury Demand, the allegations and claims against BN are also allegations and claims against BNSF, as successor corporation.

3.

BN was a business corporation for profit, organized and existing under the laws of Delaware.  For many years, BN did business within Montana.  BN engaged in conduct that resulted in the accrual of this tort action in the State of Montana.  BN was the surviving entity of the 1970 merger of Great Northern Railway Company (Great Northern); Northern Pacific Railway Co. (Northern Pacific); the Chicago, Burlington & Quincy Railroad Co. (CB&Q); and the Spokane, Portland and Seattle Railway Co. (SP&S).  As a result of said merger; as a result of the merger agreement between Great Northern, Northern Pacific, CB&Q, and SP&S; and by operation of law, BN assumed liability for all claims which could have been brought against Great Northern and Northern Pacific.

## JURISDICTION AND VENUE

4.

This court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332 (a), because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and cost.

5.

Plaintiff is a citizen of Montana, and BNSF is a citizen of Delaware and Texas.

6.

Plaintiff seeks damages which substantially exceed $75,000.

**COMPLAINT AND JURY DEMAND - 2**

7.

Venue is proper in the Missoula division of this Court because Plaintiff resides in Lincoln County, within the Missoula division, and because BNSF engaged in conduct resulting in the accrual of this tort action in Lincoln County, within the Missoula division.

## GENERAL ALLEGATIONS

8.

Asbestos is an extremely deadly substance consisting of tiny needle like fibers that are sharply pointed and easily penetrate and lodge in the linings of the lungs. Human lungs are unable to remove asbestos that has speared itself into lung tissue, and the asbestos spears cannot be washed out of the lung tissues by blood. As a result, affected lung areas become inflamed, in time heavily scarred, and ultimately nonfunctional. For those who undergo this disease process, it becomes increasingly more difficult to breathe. Ultimately, the person suffocates.

9.

The sinister effects of asbestos exposure are compounded by the fact that diseases caused by asbestos have long latency periods. It is not uncommon for persons to be first diagnosed with potentially fatal diseases many years following their initial exposure to asbestos.

10.

At all times relevant to this action, BNSF had actual knowledge that asbestos was and is extremely hazardous and that exposure to asbestos causes potentially fatal diseases, including asbestosis, lung cancer, and mesothelioma.

11.

Plaintiff has lived in Libby, Montana since 1978. Since that time, she has resided, worked, and recreated in proximity to BNSF's rail yard and tracks. As a result of BNSF's business activities,

Plaintiff was exposed to deadly asbestos contaminated vermiculite which was negligently and recklessly handled, discarded, and stored by BNSF.

12.

The unlawful conduct of BNSF caused or contributed to Plaintiff's exposure to and/or ingestion of unreasonably dangerous and ultra hazardous asbestos, ultimately causing Plaintiff to contract asbestos-related disease.

13.

Each act of negligence, carelessness, and recklessness; each unlawful act or omission; and each violation of law or safety regulation alleged herein was committed by BNSF and/or an employee or agent of BNSF, who was acting within the course and scope of his or her employment or agency with BNSF, and was acting in the furtherance of the business interests of BNSF.  Each negligent, careless, reckless, and unlawful act or omission alleged herein is imputable to BNSF.

## **FIRST CAUSE OF ACTION**

**(Negligence)**

14.

Plaintiff realleges paragraphs 1 through 13 of the General Allegations and adopts the same as if fully set forth in this First Cause of Action.

15.

BNSF owed Plaintiff a duty to act with reasonable care in conducting its business operation, so as not to jeopardize her health and welfare.

16.

BNSF breached its duty of care by negligently, carelessly and recklessly generating, handling, storing, releasing, disposing of, and failing to control and contain unreasonably dangerous and hazardous asbestos created by and/or resulting from its business operations.

17.

BNSF knew exposure to asbestos was unreasonably dangerous and hazardous to human health.  BNSF knew that citizens of Libby were inhaling and ingesting harmful asbestos but concealed its knowledge.  BNSF failed to protect Plaintiff and the public from exposure to unreasonably dangerous and hazardous asbestos, exposure to which was created by and resulted from BNSF's operations.

18.

BNSF breached its duty of care to Plaintiff by exposing her to deadly asbestos and/or asbestos contaminated materials and products produced and/or released as a result of BNSF's business activities.

19.

BNSF's negligence, in addition to that herein alleged, included:

(a) failing to properly inspect for unsafe conditions related to asbestos and asbestos contaminated vermiculite;

(b) failing to correct unsafe conditions relating to asbestos and asbestos contaminated vermiculite;

(c) failing to warn of the hazards associated with exposure to asbestos and asbestos contaminated vermiculite;

(d) failing to provide proper safeguards against exposure to asbestos and asbestos contaminated vermiculite;

(e) failing to prevent the release of an abnormally dangerous substance within its control;

(f) failing to exclude members of the public from its property containing hazardous substances;

(g) failing to conform its activities in Lincoln County to applicable statutes (eg §50-78-101, MCA et seq and 29 U.S.C.Ch. 15) and regulations; and

(h) failing to conform its activities to its own plans, rules and standards.

20.

As a direct and proximate result of BNSF's negligence, Plaintiff contracted mesothelioma and has suffered damages as herein alleged.

## SECOND CAUSE OF ACTION

**(Common Law Strict Liability)**

21.

Plaintiff realleges paragraphs 1 through 20 of the First Cause of Action and adopts the same as if fully set forth in this Second Cause of Action.

22.

BNSF engaged in abnormally dangerous business activities and created abnormally dangerous conditions in the course of its business activities and on its property relating to the handling, storing, loading, and using asbestos and asbestos contaminated products. BNSF failed to protect Plaintiff from exposure to asbestos resulting from its abnormally dangerous activities and conditions.

23.

BNSF's business activities, which caused Plaintiff's exposure to asbestos, were abnormally dangerous in that:

(a) there exists a high degree of prior, present and continuing contamination from toxic asbestos, creating an unacceptable risk of harm to Plaintiff and others;

(b) there was and is a strong likelihood that harm resulting from BNSF's activities and exposure to asbestos is great;

(c) the risk of harm caused by BNSF's activities cannot be reasonably eliminated for humans living, working and recreating in proximity to BNSF's property and activities;

(d) BNSF's activities, including the harboring of asbestos, are not a matter of common usage;

(e) BNSF's property and activities were carried on within and near the town of Libby, in place that were inappropriate for the release of asbestos contamination; and

(f) the dangerous attributes of BNSF's activities and property completely outweigh the value of those activities to the community.

24.

BNSF is strictly liable to Plaintiff for the damages caused by the exposure to the deadly asbestos generated by its abnormally dangerous activities and conditions.

25.

As a direct and proximate result of BNSF's unlawful and unreasonably dangerous conduct, activities, and conditions, Plaintiff contracted mesothelioma and suffered damages as herein alleged.

## DAMAGES

26.

BNSF knew of facts and intentionally disregarded facts creating a high probability of injury to Plaintiff; deliberately proceeded to act in conscience and intentional disregard of the high probability of injury to Plaintiffs; and deliberately proceeded with indifference to the high probability of injury to Plaintiff.

27.

As a direct result of the negligence and unlawful conduct of BNSF, Plaintiff has incurred medical expenses and will incur future medical expenses.

28.

As a direct result of BNSF's negligence and unlawful conduct, Plaintiff experienced great physical and mental pain and suffering and will experience great physical and mental pain and suffering in the future.

29.

As a direct result of the negligence and unlawful conduct of BNSF, Plaintiff has suffered and will continue to suffer loss of and damage to her established course and way of life.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for damages including the following:

1. Reasonable compensation for medical and related expenses;

2. Reasonable compensation for economic loss, including lost earnings and loss of earning capacity;

3. Reasonable compensation for mental and physical pain and suffering;

4. Reasonable compensation for loss of enjoyment of established course and way of life;

5. Punitive damages in sufficient amount to punish BNSF and to serve as an example that such conduct is intolerable;

6. Costs and disbursements incurred herein; and

7. For such other and further relief as the Court may deem just.

DATED this 1st day of April, 2022.

ODEGAARD KOVACICH SNIPES, P.C.

By: /s/ Mark M. Kovacich
    Mark M. Kovacich
    P.O. Box 2325
    Great Falls, MT  59403
    Attorneys for Plaintiff