IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARY DIANA MOE,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a for Profit Corporation,<br><br>Defendant. | CV 22–68–M–DLC<br><br><br><br>ORDER |

IT IS ORDERED that any and all pathology materials, including but not limited to sputum, fluid and tissue, tissue specimens and/or tissue slides, blocks and grids taken from MARY DIANA MOE (DOB: XX-XX-1943; SSN: XXX-XX-8434), produced by and/or in possession of all medical providers and all others which are or have been in the possession of Plaintiff's Counsel (defined below), any other lawyer or law firm representing plaintiff, and/or any expert retained by plaintiff ("Pathology Materials") shall be delivered to **Anthony M. Knight, Knight Nicastro Mackay, LLC ("Defense Counsel"), 304 W. 10th Street, Kansas City, Missouri 64105,** subject to the following conditions as agreed upon by the parties:

1. Within ten (10) days of entry of this Order, Nathan D. Finch of the Motley Rice LLC, 401 9th Street NW, Suite 630, Washington, D.C. 20004, 202-232-5507 (telephone); 202-232-5513 (facsimile); nfinch@motleyrice.com (email)

1

("Plaintiff's Counsel) will arrange for and pay all costs associated with the Pathology Materials of MARY DIANA MOE to be sent by traceable courier from the office of the Motley Rice LLC (address above), directly to Defense Counsel.

2. Defense Counsel will arrange for, and pay all costs associated with the Pathology Materials of MARY DIANA MOE to be sent by traceable courier from Defense Counsels offices to Defense Counsel's consulting expert pathologist. Notwithstanding the disclosure of the identity of Pathologist, Defense Counsel who retains Pathologist reserves the right to retain him/her as a consulting expert only, in which case he/she may not be subject to deposition in this case except as provided in the Federal Rules of Civil Procedure.

3. Pathologist is to be provided by Defense Counsel a copy of this Order.

4. The Pathology Materials of MARY DIANA MOE shall not leave, be sent or be transported outside of the United States or to any person or entity beyond the subpoena power of the United States courts. Removal of Pathology Materials from the United Stated will be subject to reporting to the U.S. Department of Health and Human Services under the Health Insurance Portability and Accounting Act.

5. Any Pathologist retained by Defendant is to be advised that: (i) he is to maintain a chain of custody with regard to the handling of the Pathology Materials to ensure the integrity of the specimens/materials, which chain of custody is to be provided to Plaintiff's Counsel; and (ii) Pathologist shall be responsible for the care of the Pathology Materials.

6. Pathology Materials are not to be destroyed or subjected to destructive testing without further order of the Court after contradictory hearing and good cause shown. However, Pathologist may prepare additional slides if the material is not exhausted. Pathology may also stain the Pathology Materials for diagnostic purposes. If Pathologist is to testify at trial, defendants will produce an expert report from Pathologist pertaining to diagnosis and causation within the time frame specified in the Scheduling Order.

7. The Pathology Materials shall be transferred from the custody of Pathologist back to Defense Counsel (including any newly cut or newly stained slide) by traceable courtier. Defense Counsel shall transfer the Pathology Materials by traceable courier back to the offices of Motley Rice LLC (address supra).

8. Plaintiffs shall have access to all slides created by Pathologist.

9. Plaintiff's Counsel shall maintain a sworn chain of custody of MARY DIANA MOE's Pathology Materials if said Pathology Material has ever been in the possession of Plaintiff's Counsel of is hereinafter in the possession of

Plaintiff's Counsel and shall deliver any such chain of custody to Defense Counsel on request.

10. Defense Counsel shall maintain a sworn chain of custody of MARY DIANA MOE's Pathology Materials if said Pathology Material has ever been in the possession of Defense Counsel or is hereinafter in the possession of Defense Counsel and shall deliver any such chain of custody to Plaintiff's Counsel upon request.

11. Defendants need not agree upon one pathologist to render any opinions relating to causation. No pathology expert witness, who agrees with the diagnosis of mesothelioma, will be cross-examined on his/her failure to view and opine on the pathology slides and/or tissue, nor will their opinions be attacked or criticized by Plaintiff or other parties on the basis that they did not review the pathology specimens.

12. Plaintiff's Counsel acknowledges that he has had the opportunity to have the Pathology Materials reviewed by Plaintiff's pathologist. Other than the review by Pathologist, no other review of any Pathology Materials shall be permitted absent an order of this Court after contradictory hearing and good cause shown.

13. This Order may be amended by any party to this litigation only upon the showing of good cause and after contradictory hearing. Good cause shall not

be the Pathologist chose not to issue a written report and remain a non-testifying consulting pathologist.

DATED this 25th day of October, 2022.

_____
Dana L. Christensen, District Judge
United States District Court