Mark M. Kovacich
Ross T. Johnson
KOVACICH SNIPES JOHNSON, P.C.
P.O. Box 2325
Great Falls, MT 59403
(406) 761-5595
mark@justicemt.com
ross@justicemt.com

Nathan D. Finch
MOTLEY RICE, LLC
401 9th Street NW, Suite 630
Washington, DC 20004
(202) 232-5507
nfinch@motleyrice.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EDWARD GALLEGOS, as Personal Representative of the Estate of MARY DIANA MOE, Deceased,<br><br>               Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a for Profit Corporation,<br><br>               Defendant. | CAUSE NO. CV-22-68-DLC<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

COMES NOW Plaintiff, Edward Gallegos, Personal Representative of the Estate of Mary Diana Moe, demanding trial by jury, and for his complaint against Defendant alleges as follows:

## PARTIES

1.

Plaintiff is the duly appointed Personal Representative of the Estate of Mary Diana Moe, deceased. On December 22, 2022, Mary Diana Moe died as a result of mesothelioma. On the date of her death, Ms. Moe was a citizen of the State of Montana.

2.

Defendant BNSF Railway Company (BNSF) is a corporation for profit organized and existing under the laws of Delaware, with its principal place of business in the state of Texas. BNSF does business in the State of Montana. BNSF is the surviving entity of the merger of Burlington Northern Railroad Company (BN) and the Atchison, Topeka and Santa Fe Railway Company (Santa Fe). As a result of the merger between BN and Santa Fe and by operation of law, BNSF assumed liability for all claims which could have been brought against BN. For purposes of this Complaint and Jury Demand, the allegations and claims against BN are also allegations and claims against BNSF, as successor corporation.

3.

BN was a business corporation for profit, organized and existing under the laws of Delaware. For many years, BN did business within Montana. BN engaged in conduct that resulted in the accrual of this tort action in the State of Montana. BN was the surviving entity of the 1970 merger of Great Northern Railway Company (Great Northern); Northern Pacific Railway Co. (Northern Pacific); the Chicago, Burlington & Quincy Railroad Co. (CB&Q); and the Spokane, Portland and Seattle Railway Co. (SP&S). As a result of said merger; as a result of the merger agreement between Great Northern, Northern Pacific, CB&Q, and SP&S; and by operation of law, BN assumed liability for all claims which could have been brought against Great Northern and Northern Pacific.

## JURISDICTION AND VENUE

4.

This Court has original jurisdiction in this matter pursuant to 28 U.S.C. §1332(a), because this is a civil action between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and cost.

5.

Mary Diana Moe was a citizen of Montana, and BNSF is a citizen of Delaware and Texas.

6.

Plaintiff seeks damages which substantially exceed $75,000.

7.

Venue is proper in the Missoula division of this Court because Mary Diana Moe resided in Lincoln County, within the Missoula division, and because BNSF engaged in conduct resulting in the accrual of this tort action in Lincoln County, within the Missoula division.

## GENERAL ALLEGATIONS

8.

Asbestos is an extremely deadly substance consisting of tiny needle like fibers that are sharply pointed and easily penetrate and lodge in the linings of the lungs. Human lungs are unable to remove asbestos that has speared itself into lung tissue, and the asbestos spears cannot be washed out of the lung tissues by blood.  As a result, affected lung areas become inflamed, in time heavily scarred, and ultimately nonfunctional.  For those who undergo this disease process, it becomes increasingly more difficult to breathe.  Ultimately, the person suffocates.

9.

The sinister effects of asbestos exposure are compounded by the fact that diseases caused by asbestos have long latency periods.  It is not uncommon for persons to be first diagnosed with potentially fatal diseases many years following their initial exposure to asbestos.

10.

At all times relevant to this action, BNSF had actual knowledge that asbestos was and is extremely hazardous and that exposure to asbestos causes potentially fatal diseases, including asbestosis, lung cancer, and mesothelioma.

11.

Mary Diana Moe lived in Libby, Montana, since 1978.  Since that time, she resided, worked, and recreated in proximity to BNSF's rail yard and tracks.  As a result of BNSF's business activities, Mary Diana Moe was exposed to deadly asbestos contaminated vermiculite which was negligently and recklessly handled, discarded, and stored by BNSF.

12.

The unlawful conduct of BNSF caused or contributed to Mary Diana Moe's exposure to and/or ingestion of unreasonably dangerous and ultra hazardous asbestos, ultimately causing Mary Diana Moe to contract asbestos-related disease.

13.

Each act of negligence, carelessness, and recklessness; each unlawful act or omission; and each violation of law or safety regulation alleged herein was committed by BNSF and/or an employee or agent of BNSF, who was acting within the course and scope of his or her employment or agency with BNSF, and was acting in the

furtherance of the business interests of BNSF. Each negligent, careless, reckless, and unlawful act or omission alleged herein is imputable to BNSF.

# FIRST CAUSE OF ACTION

## (Negligence)

14.

Plaintiff realleges paragraphs 1 through 13 of the General Allegations and adopts the same as if fully set forth in this First Cause of Action.

15.

BNSF owed Mary Diana Moe a duty to act with reasonable care in conducting its business operation, so as not to jeopardize her health and welfare.

16.

BNSF breached its duty of care by negligently, carelessly, and recklessly generating, handling, storing, releasing, disposing of, and failing to control and contain unreasonably dangerous and hazardous asbestos created by and/or resulting from its business operations.

17.

BNSF knew exposure to asbestos was unreasonably dangerous and hazardous to human health. BNSF knew that citizens of Libby were inhaling and ingesting harmful asbestos but concealed its knowledge. BNSF failed to protect Mary Diana

Moe and the public from exposure to unreasonably dangerous and hazardous asbestos, exposure to which was created by and resulted from BNSF's operations.

18.

BNSF breached its duty of care to Mary Diana Moe by exposing her to deadly asbestos and/or asbestos contaminated materials and products produced and/or released as a result of BNSF's business activities.

19.

BNSF's negligence, in addition to that herein alleged, included:

A. Failing to properly inspect for unsafe conditions related to asbestos and asbestos contaminated vermiculite;

B. Failing to correct unsafe conditions relating to asbestos and asbestos contaminated vermiculite;

C. Failing to warn of the hazards associated with exposure to asbestos and asbestos contaminated vermiculite;

D. Failing to provide proper safeguards against exposure to asbestos and asbestos contaminated vermiculite;

E. Failing to prevent the release of an abnormally dangerous substance within its control;

F. Failing to exclude members of the public from its property containing hazardous substances;

G.  Failing to conform its activities in Lincoln County to applicable statutes (e.g. § 50-78-101, MCA, et seq., and 29 U.S.C. Ch. 15) and regulations; and

H.  Failing to conform its activities to its own plans, rules and standards.

20.

As a direct and proximate result of BNSF's negligence, Mary Diana Moe contracted mesothelioma, suffered damages, and died as herein alleged.

## SECOND CAUSE OF ACTION

**(Common Law Strict Liability)**

21.

Plaintiff realleges paragraphs 1 through 20 of the First Cause of Action and adopts the same as if fully set forth in this Second Cause of Action.

22.

BNSF engaged in abnormally dangerous business activities and created abnormally dangerous conditions in the course of its business activities and on its property relating to the handling, storing, loading, and using asbestos and asbestos contaminated products.  BNSF failed to protect Mary Diana Moe from exposure to asbestos resulting from its abnormally dangerous activities and conditions.

23.

BNSF's business activities, which caused Mary Diana Moe's exposure to asbestos, were abnormally dangerous in that:

A. There exists a high degree of prior, present, and continuing contamination from toxic asbestos, creating an unacceptable risk of harm to Mary Diana Moe and others;

B. There was and is a strong likelihood that harm resulting from BNSF's activities and exposure to asbestos is great;

C. The risk of harm caused by BNSF's activities cannot be reasonably eliminated for humans living, working, and recreating in proximity to BNSF's property and activities;

D. BNSF's activities, including the harboring of asbestos, are not a matter of common usage;

E. BNSF's property and activities were carried on within and near the town of Libby, in place that were inappropriate for the release of asbestos contamination; and

F. The dangerous attributes of BNSF's activities and property completely outweigh the value of those activities to the community.

24.

BNSF is strictly liable to Mary Diana Moe for the damages caused by the exposure to the deadly asbestos generated by its abnormally dangerous activities and conditions.

25.

As a direct and proximate result of BNSF's unlawful and unreasonably dangerous conduct, activities, and conditions, Mary Diana Moe contracted mesothelioma, suffered damages, and died as herein alleged.

## DAMAGES

26.

BNSF knew of facts and intentionally disregarded facts creating a high probability of injury to Mary Diana Moe; deliberately proceeded to act in conscience and intentional disregard of the high probability of injury to Mary Diana Moe; and deliberately proceeded with indifference to the high probability of injury to Mary Diana Moe.

27.

As a direct result of the negligence and unlawful conduct of BNSF, Mary Diana Moe incurred medical expenses.

28.

As a direct result of BNSF's negligence and unlawful conduct, Mary Diana Moe experienced great physical and mental pain and suffering.

29.

As a direct result of the negligence and unlawful conduct of BNSF, Mary Diana Moe suffered loss of and damage to her established course and way of life.

## DAMAGES FOR WRONGFUL DEATH

As a direct and proximate result of the negligence and unlawful conduct of BNSF, Mary Diana Moe's surviving spouse and heirs have been deprived of her society, companionship, comfort, protection, and support, and have suffered great sorrow, grief, and mental anguish by reason of her excruciatingly painful suffering and death.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants for damages including the following:

1. Reasonable compensation for medical and related expenses;

2. Reasonable compensation for mental and physical pain and suffering;

3. Reasonable compensation for loss of enjoyment of established course and way of life;

4. Reasonable compensation for Mary Diana Moe's surviving spouse and heirs who have been deprived of her society, companionship, comfort, protection, and support, and who have suffered great sorrow, grief, and mental anguish by reason of her excruciatingly painful suffering and death.

5. Punitive damages in sufficient amount to punish BNSF and to serve as an example that such conduct is intolerable;

6. Costs and disbursements incurred herein; and

7. For such other and further relief as the Court may deem just.

DATED this 20th day of January, 2023.

                                         KOVACICH SNIPES JOHNSON, P.C.
                                         and
                                         MOTLEY RICE, LLC

                                         BY:    /s/ Mark M. Kovacich
                                                  Mark M. Kovacich
                                                  P.O. Box 2325
                                                  Great Falls, MT  59403
                                                  Attorneys for Plaintiff