IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| EDWARD GALLEGOS, as Personal Representative of the Estate of MARY DIANA MOE, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant. | CV 22–68–M–DLC<br><br><br>ORDER |

Before the Court is Defendant BNSF's Motion to Stay Pending Appeal in Related Action or Alternative Motion to Change Venue Due to Media Coverage. (Doc. 120.) For the reasons discussed below, the Court grants the requested stay.

## BACKGROUND[1]

This action is brought on behalf of the estate of Mary Diana Moe against BNSF for wrongful death allegedly resulting from Ms. Moe's exposure to Libby amphibole asbestos as a result of BNSF's activities in Libby, Montana. (Doc. 27.) Plaintiff brings claims against BNSF under theories of strict liability and

---

[1] For a more detailed background, see the Court's Order regarding summary judgment, (Doc. 98), and Order denying spoliation sanctions, (Doc. 100).

1

negligence.  (*Id.* ¶¶ 14–25.)  A jury trial in this matter is currently scheduled for May 6, 2024.  (Doc. 98.)

In the instant motion, BNSF requests that the Court stay this matter pending its appeal of *Wells ex rel. Estate of Wells v. BNSF Railway Company*, No. CV-21-97-GF-BMM (hereinafter "*Wells*"), in the Ninth Circuit Court of Appeals.  (Doc 121 at 2.)  In the alternative, BNSF seeks to change the venue of these proceedings due to "the overwhelming media attention that occurred during and after the [*Wells*] trial."  (*Id.* at 5.)

*Wells* involved nearly identical claims to those raised here.  As in this case, the plaintiffs in *Wells* advanced theories of strict liability and negligence for BNSF's activities in and around Libby, Montana, involving vermiculite "contaminated" by amphibole asbestos.  *See Wells*, 2023 WL 5097872, at *1–2 (D. Mont. Aug. 9, 2023).  The question of strict liability was the topic of significant debate in those proceedings and has also been raised in this matter.  *See Wells*, 2023 WL 6807147 (D. Mont. Oct. 16, 2023); *see also* (Doc. 98 at 8–12).  *Wells* was recently tried to a jury.  The Court instructed the jury on the law pertaining to strict liability and the common carrier exception and let the jury determine whether BNSF was strictly liable for its activities in and around Libby.  (*See* Doc. 122-7 at 7–8.)  The jury found BNSF strictly liable, but not negligent, for its handling of vermiculite containing asbestos because BNSF's activities fell outside the common

carrier exception for strict liability. *Wells*, No. CV-21-97-GF-BMM, Docs. 390, 392 (Apr. 22, 2024).

## LEGAL STANDARD

The Court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This inherent power authorizes the Court to stay proceedings pending resolution of independent proceedings which bear upon the matter. *Id.* at 254–55; *see also Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "The exertion of this power calls for the exercise of sound discretion," and "the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In assessing the propriety of a proposed stay, the Court must consider:

> [1] the possible damage which may result from the granting of the stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying of complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.*; *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). The Ninth Circuit has also cautioned that "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court."

3

*Leyva*, 593 F.2d at 864.  A stay must be of a fixed duration unless a "pressing need" for a more indefinite period is demonstrated.  *Landis*, 299 U.S. at 255.

### DISCUSSION

BNSF argues that a stay is warranted until the Ninth Circuit can resolve several legal questions relevant to BNSF's liability for its activities in and around Libby, Montana, including: "(1) whether the plaintiffs' strict liability claim is preempted by the Federal Rail Safety Act or the Hazardous Materials Transportation Act; (2) whether the plaintiffs' strict liability claim is preempted by the Interstate Commerce Commission Termination Act; and (3) whether the common carrier exception to strict liability applies to alleged harmful emissions caused by rail yard operations." (Doc. 121 at 9–10.)  BNSF argues that these issues "directly impact the viability of Plaintiff's strict liability claim." (*Id.* at 10.)  Weighing the above factors, the Court finds that the requested stay is warranted.

The first factor is neutral.  Plaintiff only seeks to recover monetary damages from BNSF.  Delay in recovery of monetary damages, alone, is not a sufficient hardship to warrant the denial of a stay.  *CMAX, Inc.*, 300 F.2d at 269.  Moreover, all discovery in this case has concluded, so there are no concerns regarding the preservation of evidence.  Plaintiff argues that a stay would also result in "loss of considerable preparatory expenses and resources"

4

and "could prejudice Plaintiff's ability to present trial testimony." (Doc. 139 at 4.) The Court is not convinced by Plaintiff's argument. Costs to Plaintiff's counsel, like a delay in recovering damages, are not sufficient to warrant a denial of a stay. Further, the burden of costs to Plaintiff's counsel are counter balanced by the costs to BNSF's counsel and the potential costs of retrying this case following the outcome of the *Wells* appeal. Additionally, Plaintiff can perpetuate witness testimony via videotaped deposition.

The second factor is also neutral. BNSF argues that it would face hardship and inequity in this action if it were forced to defend a negligence claim at the same time as defending against a strict liability claim. However, "[b]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Lockyer*, 398 F.3d at 1112. Likewise, the fact that a ruling from the Ninth Circuit could be unfavorable to either party "is not the kind of prejudice which should move a court to deny a requested postponement." *CMAX, Inc.*, 300 F.2d at 269.

The third factor weighs heavily in favor of granting the requested stay. Resolving whether BNSF can be held strictly liable for its actions in and around Libby, Montana, will promote more efficient and consistent resolution of this and similar cases. Strict liability is a key issue in this and related cases, as already demonstrated by the proceedings in *Wells* and the pretrial motions

in this matter. These cases are only two of potentially hundreds of similar cases that will raise the same issues and resolution of this issue in the Ninth Circuit will narrow the scope of litigation moving forward. *See id.* ("To these considerations must be added the fact that several similar cases are now pending in the same district court, and more are likely to be filed in the near future. In the interests of uniform treatment of like suits there is much to be said for delaying the frontrunner."). Further, the Court is not convinced by Plaintiff's argument that the facts of this case are so distinguishable from the facts of *Wells* so as to render a decision from the Ninth Circuit in *Wells* inapplicable to this case.

Finally, the Court is satisfied that the stay will last an appropriate amount of time. As discussed above, Ms. Moe is deceased, discovery has closed, and monetary damages do not present particular urgency in this analysis. Moreover, BNSF's activities relating to the transportation of vermiculite in Libby, Montana, are not ongoing. Based on the most recent available data, the median time to disposition in the Ninth Circuit is 13.2 months from the filing of a notice of appeal. 9th Cir. Ct. of Appeals, *2022 Annual Report* 55 (2022). The Court is therefore satisfied that the proceedings in the Ninth Circuit will be concluded within a reasonable time in relation to the urgency of the claims presented to the Court. Because the duration of the

stay will be tied directly to the proceedings in the Ninth Circuit, it is not indefinite.

The Court also notes that all pretrial deadlines in this matter have passed, discovery has closed, the parties have submitted their proposed jury instructions, verdict forms, voir dire questions, pretrial order, and trial briefs, and all substantive pretrial motions have been resolved. No further motions will be entertained in this case until trial has been reset. Accordingly, this matter is ripe for trial and will be reset promptly following the Ninth Circuit's final decision in *Wells*.

As Plaintiff points out, BNSF has not yet filed its notice of appeal in *Wells*. (Doc. 139 at 10.) Judgment was entered in *Wells* on April 22, 2024. *Wells*, No. CV-21-97-GF-BMM, Docs. 400, 401 (Apr. 22, 2024). Pursuant to Federal Rule of Appellate Procedure 4(1)(A), BNSF has 30 days from the entry of judgment to file a notice of appeal. This deadline has not yet passed. Should BNSF fail to file its notice of appeal in *Wells*, the basis for this stay would be rendered moot and the Court would reset this matter for trial.

## Conclusion

The Court finds that a stay of the proceedings in this matter is appropriate and therefore declines to reach BNSF's alternative request to transfer venue.

Accordingly, IT IS ORDERED that BNSF's Motion for Stay (Doc. 120) is

GRANTED. This matter is stayed pending final resolution of the appeal in *Wells*.

IT IS FURTHER ORDERED that the trial scheduled to begin on May 6, 2024, final pretrial conference scheduled to take place on May 2, 2024, and all associated deadlines are VACATED, to be reset following final resolution of the appeal in *Wells*.

IT IS FURTHER ORDERED that all pending motions are DENIED as moot.

IT IS FURTHER ORDERED that, within one week of final resolution of the appeal in *Wells*, the parties shall file a joint notice indicating proposed trial dates.

IT IS FURTHER ORDERED that if BNSF fails to file a notice of appeal in *Wells* before the conclusion of the filing deadline, the parties shall, within one week of the passing of the deadline, file a joint notice indicating proposed trial dates.

IT IS FURTHER ORDERED that no further motions will be entertained in this matter without the moving party first seeking leave to file.

DATED this 1st day of May, 2024.

_____
Dana L. Christensen, District Judge
United States District Court